[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (DOCKET ENTRY NO. 136)
The plaintiff has moved that the defendant be found in contempt for failure to comply with the orders of this court to cooperate with respect to the sale of the family residence at Remsenburg in Long Island and failed to maintain said premises in accordance with the judgment.
The plaintiff has offered evidence through Mr. Noyer that the defendant has been uncooperative with respect to showing the house and by requesting that the house picture not be displayed in his window.
With regard to the cancellation of an appointment with a realtor in January of 1991, the defendant explained that there was a storm that weekend and high winds which necessitated the, appointment cancellation. The defendant was incapacitated by a fractured ankle from April 20, 1991 to mid June, 1991 and was unable to get about. Indeed, earlier hearings on this matter had to be postponed because of the defendant's incapacity.
The court does not find the defendant in contempt on the first claim of the plaintiff, i.e., that she has been uncooperative in the sale of the property since there has been no evidence of the defendant's willful and intentional disregard of the court's orders in this respect.
While it is probably quite true that the defendant's required maintenance of Remsenburg was delayed because of her condition, it is equally true from the current pictures that maintenance required by the judgment to be carried out by the defendant is being carried out. There are certain items of maintenance and repair which should be tended to upon which the. parties are unable to agree. The defendant shall arrange for the removal of the algae from the tennis court, for the repair of the sprinkler heads which are not functioning, and for the replacement of the glass around the pool and in the windmill. The parties together shall arrange for survey of the bulkhead, splitting the cost of the survey and any bulkhead repairs needing to be made. The parties together shall share the cost of regraveling as the plaintiff deems necessary, repair of the fences, and repair of the cesspool which has sunk. Should the CT Page 6255 plaintiff deem additional plants are needed, the parties shall share equally such expense as the plaintiff deems necessary.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE